UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA, Secretary of Labor,   *
United States Department of Labor,         *
                                           *
                  Plaintiff,               *
                                           *   CIVIL ACTION
     v.                                    *
                                           *   FILE NO.
CAFÉ MISONO, INC. and KENNETH LEE,         *
                                           *
                                           *
                  Defendants.              *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin defendants from violating the provisions of Sections 6, 7, 11, and 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. Section 201), hereinafter called "the Act," and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and by 28 U.S.C. Sections 1331 and 1345.

II.

Defendant Café Misono, Inc. ("Café Misono") is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 669 VFW Parkway, Chestnut Hill, Massachusetts 02467, within the jurisdiction of this Court, and is now, and at all times

1

hereinafter mentioned was, engaged at that place of business in the operation of a restaurant. Café Misono employs, and has employed during the period set forth below, employees who work in the restaurant as cooks, dishwashers, servers, and hostesses. Café Misono has at all times hereinafter set their employees' method of compensation and policies regarding compensation. It has set their employees' terms and conditions of employment, including hours worked, and has supervised their work, and has hired and fired them.

III.

Defendant Kenneth Lee ("Lee") resides at 386 Canton Street, Westwood, Massachusetts 02090, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned was, the Treasurer, Secretary and CFO of Café Misono. Lee has at all times hereinafter mentioned, hired, fired and supervised employees, and has engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay, and his actions concerning pay policies affect the amounts of compensation received by employees. During said period, he also took steps to have payroll information created and transmitted to Plaintiff which falsely portrayed the payment of an overtime premium to employees. As such, he has actively managed, supervised and directed the day to day business affairs and operations of Café Misono. He has acted at all times material herein directly and indirectly in the interest of Café Misono in relation to its employees, and therefore is and has been an employer of said employees within the meaning of the Act.

IV.

Café Misono and Lee are, and at all times since March 31, 2013 were, engaged in related activities performed through unified operation or common control for a common business

purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act.

V.

At all times since March 31, 2013, Café Misono and Lee employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

VI.

Beginning no later than March 31, 2013, Defendants have willfully and repeatedly violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act by paying three of the affected employees listed in the attached Exhibit A wages at rates less than the applicable minimum wage. Defendants employed two of these employees as dishwashers at their restaurant, where they worked each workweek over sixty (60) hours per week. They were paid set amounts per week for all hours worked which did not cover the minimum wage for the hours worked. In addition, a server who worked approximately seventeen (17) hours per week was paid no wage at all, and instead only received tips. As a result, these employees' effective hourly rate pay fell consistently below the applicable minimum wage. Consequently, throughout the three year period on which the investigation focused, March 31, 2013 through March 28, 2016, and thereafter until Defendants came into compliance with the minimum wage requirements of the Act, the three employees were not paid the minimum wage and are owed back wages and an equal amount of liquidated damages on account of the violations of the minimum wage provisions of the Act.

VII.

Beginning no later than March 31, 2013, Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed, for employment in excess of forty (40) hours in said workweeks, and therefore these Defendants are liable for overtime compensation owed to these employees and an equal amount of liquidated damages under Section 16(c) of the Act as set forth below.

In particular, during the pertinent period fourteen (14) of the affected employees listed in the attached Exhibit A did not receive proper overtime compensation. Two of these employees worked as servers, and they did not receive any overtime premium for hours worked over forty (40) per week. The remaining employees worked as cooks and dishwashers at Defendants' restaurant. Defendants paid the cooks and dishwashers a set amount each week without any overtime premium paid for hours worked over 40 per week, despite their working over 60 hours per week each week.

Consequently, throughout the three year period on which the investigation focused, March 31, 2013 through March 28, 2016, and thereafter until Defendants came into compliance with the overtime requirements of the Act, these employees were not paid proper overtime and are owed back wages and an equal amount of liquidated damages on account of the violations of the overtime provisions of the Act.

VIII.

Beginning no later than March 31, 2013, Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516. Defendants' records failed throughout the

period of the investigation to show adequately and accurately all employees' hours worked each workday and their total hours worked each workweek, including the failure to record employees' hours over 40 per workweek. Defendants' employees employed as cooks and dishwashers worked in excess of 60 hours per week, and employees employed as servers worked approximately 47 hours per week.

IX.

Defendants' violations of the Act, as set forth above, were knowing, deliberate, and intentional. Defendants knowingly caused Plaintiff's Wage and Hour Division to receive inaccurate documents during Plaintiff's investigation of this matter concerning hours worked by and compensation paid to defendants' employees. Defendants also made requests of its employees to provide specific, inaccurate information concerning hours worked by employees to Plaintiff's representative during Plaintiff's investigation of this matter, demonstrating awareness of the Act's minimum wage and overtime requirements. Therefore, Defendants were aware of the requirements of the Act during the period covered by this Complaint, and yet they knowingly violated those requirements.

X.

During the relevant period beginning no later than March 31, 2013, Defendants willfully and repeatedly violated the aforesaid provisions of the Act, as alleged.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due;

Alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an Order awarding Plaintiff the costs of this action; and

(4) For an Order granting such other and further relief as may be necessary and appropriate.

Nicholas Geale
Acting Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Room E-375
Boston, MA 02203
glickman.james@dol.gov
TEL: 617-565-2500
FAX: 617-565-2142

Michael D. Felsen
Regional Solicitor

/s/ James Glickman
James Glickman BBO#550777
Senior Trial Attorney